# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LESTER LEFKOWITZ, | : | |
|     Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| THE MCGRAW-HILL | : | |
| COMPANIES, INC., | : | No. 13-1661 |
|     Defendant. | : | |

## MEMORANDUM

**Schiller, J.**                                                                                                                            **June 19, 2013**

      Photographer Lester Lefkowitz charges that McGraw-Hill Companies, Inc. ("McGraw-Hill") is improperly using many of Lefkowitz's photos in violation of licensing agreements. Lefkowitz seeks to enforce his copyrights and has also brought a breach of contract claim against McGraw-Hill. Presently before the Court is McGraw-Hill's motion to dismiss, or in the alternative, to transfer venue to the Southern District of New York, based on the presence of a forum selection clause in the agreements at issue in this litigation. Because the Court decides that a number of the factors relevant to the transfer analysis, including the forum selection clause, warrant transfer, this litigation will develop in the Southern District of New York.

## I.    BACKGROUND

### A.    Copyright and Contract Claims

      Lefkowitz, who resides in New York, is a professional photographer who owns the registered copyrights to a number of photos that are the subject of this litigation. (Compl. ¶¶ 2, 6-7.) Lefkowitz entered into agreements with a company called The Stock Market, a stock photo licensing agency. (*Id*. ¶ 9.) The agreements allowed The Stock Market to issue limited licenses to third parties for the

use of Lefkowitz's photos, in exchange for reasonable licensing fees. (*Id*.) The agreements forbade The Stock Market from issuing exclusive licenses for Lefkowitz's photos without prior consent. (*Id*. ¶ 10.) The agreements were later assigned to Corbis Corporation with the understanding that the terms of the agreement remained unchanged. (*Id*. ¶ 11.) Lefkowitz later entered into a representation agreement with Corbis, which allowed Corbis to grant third-party limited-use licenses for his photos. (*Id*. ¶ 12.) Lefkowitz did not permit The Stock Market or Corbis to grant unlimited, royalty-free licenses of his work. (*Id*. ¶¶ 13-14.)

Between 1998 and 2011, The Stock Market and Corbis sold McGraw-Hill limited licenses to use copies of Lefkowitz's photos in numerous educational publications. (*Id*. ¶ 15.) These licenses were limited by the number of copies, distribution area, image size, language, duration, and media. (*Id*. ¶ 16.) McGraw-Hill, however, knowingly exceeded the scope of these limited licenses. (*Id*. ¶¶ 17-18, 27.) McGraw-Hill has sold and distributed millions of publications that infringe on Lefkowitz's copyrights, "generating billions in revenue and profits." (*Id*. ¶ 20.)

Lefkowitz claims that under the licensing agreements between Corbis and McGraw-Hill, McGraw-Hill must pay Lefkowitz ten times the licensing fee for any unauthorized use of Lefkowitz's photos. (*Id*. ¶ 29.) Additionally, Corbis's end user license agreements, which were incorporated into the Corbis-McGraw-Hill licensing agreements, give Corbis the right to bill McGraw-Hill ten times the normal licensing fee for any unauthorized use of Lefkowitz's photos. (*Id*.) Lefkowitz and Corbis also agreed that Corbis had the authority to make and settle claims in Lefkowitz's name based on the unauthorized use of his photos, but that if Corbis failed to do so after Lefkowitz notified it of unauthorized use, Lefkowitz could make and settle such claims in his own name. (*Id*. ¶ 34.) Despite such notification, Corbis has failed to take any action against McGraw-Hill.

(*Id*. ¶¶ 36-37.)

The Complaint includes a charge of copyright infringement against McGraw-Hill, as well as a breach of contract claim against it for breaching the Corbis-McGraw-Hill contracts.

B.   **Forum Selection Clauses**

The agreements at issue in this litigation include forum selection clauses. The forum selection clauses contained in the 1997 and 2000 agreements between Lefkowitz and The Stock Market read:

> This Agreement and all matters collateral thereto shall be construed according to the laws of the State of New York as if this Agreement were to be performed in New York. Any controversy relating to this Agreement shall be litigated solely in a court of competent jurisdiction in the State of New York. TSM and you each agree that said court will have personal jurisdiction over each of us in any action commenced by either of us with respect to this Agreement.

(Def.'s Mot. to Dismiss or, in the Alt., to Transfer Venue [Def.'s Mot.] Ex. 2 [1997 Agreement] ¶ 16(d) & Ex. 3 [2000 Agreement] ¶ 16(e).) The photographer representation agreement between Corbis and Lefkowitz also contains a forum selection clause in which the parties to that agreement "consent to personal jurisdiction and the exclusive venue of the state and federal courts sitting in New York City, New York." (*Id*. Ex. 5 [Photographer Representation Agreement] ¶ 12.3.) Finally, the end user license agreements, upon which Lefkowitz bases his breach of contract claim, contain the following forum selection clause: "Any dispute regarding this Agreement shall be governed by the laws of the State of New York and Titles 15, 17, and 35 of the U.S.C., as amended, and the parties agree to accept the exclusive jurisdiction of the state and federal courts located in New York, USA, regardless of conflicts of laws." (*Id*. Ex. 7 [End User License Agreements] at 2 & ¶ 21.)

## II. STANDARD OF REVIEW

A party may file a 12(b)(6) motion in an effort to enforce a forum selection clause. *See Salovaara v. Jackson Nat'l Life Ins. Co.*, 246 F.3d 289, 298-299 (3d Cir. 2001) (citing *Crescent Int'l Inc. v. Avatar Communities, Inc.*, 857 F.3d 943 (3d Cir. 1988)). However, "as a general matter, it makes better sense, when venue is proper but the parties have agreed upon a not-unreasonable forum selection clause that points to another federal venue, to transfer rather than dismiss." *Id*. 246 F.3d at 299.

## III. DISCUSSION

McGraw-Hill argues that the forum selection clauses in the relevant agreements warrant dismissal without prejudice so that Plaintiff can file in an appropriate forum. In the alternative, McGraw-Hill seeks transfer to the Southern District of New York. This Court must determine whether the forum selection clauses apply here and, if so, what effect they have on where this litigation will proceed.

McGraw-Hill does not argue that venue in this District is improper. Furthermore, its basis for requesting a transfer is 28 U.S.C. § 1404, which presumes that the litigation was brought in a proper forum. *See Lafferty v. St. Riel*, 495 F.3d 72, 76 (3d Cir. 2007) ("Section 1404(a) transfers are discretionary determinations made for the convenience of the parties and presuppose that the court has jurisdiction and that the case has been brought in the correct forum."). Thus, the Court will proceed based on the understanding venue is proper in this District.

The Third Circuit Court of Appeals has enumerated both private and public factors that a district court must evaluate when considering a motion to transfer venue. *Jumara v. State Farm Ins.*

*Co.*, 55 F.3d 873, 879-80 (3d Cir. 1995). The private interest factors include: (1) the plaintiff's choice of forum; (2) the defendant's choice of forum; (3) where the claims arose; (4) the convenience of the parties, as indicated by their relative physical and financial condition; (5) the convenience of the witnesses—but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and (6) the location of books and records—similarly limited to the extent that files could not be produced in the alternative forum. *Id*. at 879. The public interest factors include: (1) the enforceability of the judgment; (2) practical considerations that could make the trial easy, expeditious, or inexpensive; (3) the relative court congestion of the two fora; (4) the local interest in deciding local controversies at home; (5) the public policies of the fora; and (6) the judges' familiarity with the applicable state law. *Id*. at 879–80.

The "presence of a forum-selection clause . . . will be a significant factor that figures centrally in the district court's calculus." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988). Ordinarily, a plaintiff's choice of forum is entitled to great weight, though that weight is lessened when, as here, the plaintiff's chosen forum is not his home. *See In re Amkor Tech., Inc. Secs. Litig.*, Civ. A. No. 06-298, 2006 WL 3857488, at *3 (E.D. Pa. Dec. 28, 2006). However, although not dispositive, a forum selection clause is to be given "substantial consideration" and overcomes a court's usual deference to the plaintiff's choice of forum. *Jumara*, 55 F.3d at 880. Moreover, the presence of a valid forum selection clause shifts to the party seeking to avoid the forum selection clause "the burden of demonstrating why they should not be bound by their contractual choice of forum." *Jumara*, 55 F.3d at 880. The significant weight accorded a forum selection clause in a court's § 1404(a) balancing reflects the fact that "a forum selection clause is . . . a manifestation of the parties' preferences as to a convenient forum." *Id*.

Lefkowitz has no direct contractual relationship with McGraw-Hill. Yet that fact does not foreclose enforcing the forum selection clause here. "It is widely accepted that non-signatory third-parties who are closely related to [a] contractual relationship are bound by forum selection clauses contained in the contracts underlying the relevant contractual relationship." *First Fin. Mgmt. Grp. v. Univ. Painters of Balt., Inc.*, Civ. A. No. 11-5821, 2012 WL 1150131, at *3 (E.D. Pa. Apr. 5, 2012); *see also Synthes, Inc. v. Emerge Med., Inc.*, 887 F. Supp. 2d 598, 607 (E.D. Pa. 2012). Courts takes a common-sense approach when deciding whether to apply the forum selection clause to a non-signatory. *See Synthes*, 887 F. Supp. 2d at 607. If the totality of the circumstances makes it fair and reasonable to bind Lefkowitz to the forum selection clause because it was foreseeable to him that he would become involved in the contract dispute, the Court may apply the forum selection clause to Lefkowitz. *See id.*; *see also Jordan v. SEI Corp.*, Civ. A. No. 96-1616, 1996 WL 296540, at *6 (E.D. Pa. June 4, 1996) ("Forum selection clauses bind nonsignatories that are closely related to the contractual relationship or that should have foreseen governance by the clause.").

It is fair and reasonable to apply the forum selection clause to Lefkowitz in this case. Indeed, it would be unfair not to apply it to him. Lefkowitz is suing McGraw-Hill for breach of contract based on licenses McGraw-Hill had obtained from Corbis for Lefkowitz's copyrighted works. Lefkowitz relies on the licensing agreement between McGraw-Hill and Corbis for his claim that McGraw-Hill must pay him ten times the licensing fee for McGraw-Hill's unauthorized use of his work. Lefkowitz also claims that this agreement allows him to sue on his own behalf if Corbis, despite notification of unauthorized use of his work, refuses to enforce the licensing agreement on his behalf. Lefkowitz cannot sue McGraw-Hill for breach of contract but then ignore the forum selection in the same agreement. He may not make a la carte selections from the agreements.

Lefkowitz does not argue that the forum selection clause is invalid. Rather, he phrases the question as "whether McGraw's infringing conduct sufficiently relates to and occurs within the parameters of the licenses, thereby triggering the forum-selection clause." (Pl.'s Resp. to Def.'s Mot. to Dismiss or, in the Alt., Transfer [Pl.'s Resp.] at 3.) Unsurprisingly, he answers no; the forum selection clauses do not apply to copyright claims. (*Id.*).

The problem with Lefkowitz's argument is that, regardless of the applicability of the forum selection clause to any copyright claim, it ignores his breach of contract claim. He cannot focus on his copyright claim and cut his breach of contract claim out of the picture for purposes of this motion to dismiss or transfer. Plaintiff claims that McGraw-Hill has breached its contract with Corbis and importantly, that such a breach has damaged Lefkowitz. (Compl. ¶¶ 42-43.) Moreover, Plaintiff seeks, among other items of recovery, "an award of ten times the license fee for unauthorized uses." (*Id. ad damnum* clause ¶ 6.) Plaintiff cannot seek to enforce those contract terms beneficial to him while glossing over those that impose requirements he would rather not follow.

Although the presence of a valid forum selection clause is entitled to considerable weight, this Court must still consider the familiar *Jumara* factors that govern whether transfer under § 1404 is appropriate. *See Jumara*, 55 F.3d at 880. For the most part, both the private and public interest factors are neutral. The Court has already addressed the Plaintiff's choice of forum, which is overcome by the presence of the forum selection clause. As for McGraw Hill's preferred forum, that is the Southern District of New York. The site of the claims slightly favors transfer, as the parties to the agreements, including Lefkowitz, are from New York. The remaining private interest factors are neutral, as neither side has brought to this Court's attention any inconvenience to parties or witnesses that will arise from litigating in either this District or the Southern District of New York.

Finally, the location of books and records does not appear to be an issue.

With respect to the public interest factors, the only item that tips the scale ever so slightly either way is the advantage of having a federal judge in New York apply New York state law to the contract action in this litigation.

Having balanced the *Jumara* factors, the Court responds to Lefkowitz's request to keep this litigation in this District in the negative.

## IV. CONCLUSION

The forum selection clause applies to Lefkowitz and requires him to bring his breach of contract claim in New York. It would be a waste of judicial resources to split the contract and copyright claims and therefore, this matter will be shuttered in the Eastern District of Pennsylvania and transferred to the Southern District of New York. An Order consistent with this Memorandum will be docketed separately.